UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Toby J. Henderson

    v.                        Case No. 22-cv-332-JL

Maria Del Carmen Gil et al.

**REPORT AND RECOMMENDATION**

Pro se plaintiff, Toby J. Henderson, filed a motion for expedited ruling (Doc. No. 2), an expedited motion to return minor children (Doc. No. 5), and a petition for expedited enforcement of a foreign child custody order (Doc. No. 6). The court construes these filings as requests for preliminary injunctive relief because Mr. Henderson seeks an order awarding him custody of his children and overturning a New Hampshire state court ruling that divested him of custody of his children. The district judge has referred the requests for preliminary injunctive relief to the undersigned magistrate judge for a report and recommendation. See Oct. 18, 2022 Order.

**Background**

Mr. Henderson lives on a farm in Stratford, New Hampshire. His two minor children were living with him on the farm until sometime in 2021 or 2022, when, he asserts, state agents searched his home, pursuant to a search warrant, and

subsequently removed the children from his care and custody. Mr. Henderson maintains that the search warrant was based upon an affidavit filed with the warrant application, which included false statements about him, the children's health, and their living conditions.

In addition, Mr. Henderson alleges that a New Hampshire state court granted Defendant Maria Del Carmen Gil, the mother of his children, certain relief, including custody of their children, based upon pleadings that also included false information.  Mr. Henderson further alleges that the day after his children were removed from his home, Ms. Del Carmen Gil failed to appear at a scheduled hearing where, he claims, he would have been able to disprove the allegations against him, which underlay the search warrant and Ms. Del Carmen Gil's pleadings.  According to Mr. Henderson, Ms. Del Carmen Gil fled the state with the children, which resulted in the hearing being cancelled, and thereby deprived him of any opportunity to contest her petition for relief.[1]  Mr. Henderson states that his children are now living with Ms. Del Carmen Gil, her adult son,

---

[1] Mr. Henderson states that a warrant for Ms. Del Carmen Gil's arrest issued when she failed to appear in the New Hampshire court concerning this matter, but that the warrant has since been vacated.

2

and another adult in Tennessee (who Mr. Henderson claims is a felon).

Mr. Henderson asserts that court proceedings relevant to the custody of his children took place in Tennessee after Ms. Del Carmen Gil fled New Hampshire.  Mr. Henderson states that he had an opportunity to appear at those proceedings via videoconference, through counsel, but that he was unable to obtain custody of his children.  Mr. Henderson further asserts that a Tennessee court has issued a restraining order, which has interfered with his ability to have any contact with his children.

Liberally construed, in light of the plaintiff's pro se status, Mr. Henderson's complaint (Doc. No. 1) and complaint addendum (Doc. No. 1-3) appear to assert federal claims in this matter under 42 U.S.C. § 1983.  Specifically, Mr. Henderson alleges that the search warrant was improperly issued because it was based upon false statements contained in the warrant affidavit.[2]  Without those false statements, he alleges, the warrant application did not support a finding of probable cause to search his home, and thus the search of his home violated his

---

[2] Preliminary review pursuant to LR 4.3(d)(3) has not yet been completed, and thus the Court has not yet identified a comprehensive list of the claims Mr. Henderson appears to have asserted in this matter.

Fourth Amendment rights.[3]  Also, Mr. Henderson appears to assert claims alleging violations of his First Amendment rights to familial association and to parent his children,[4] and a claim that the child custody order, which assigned sole custody of his children to their mother, was fundamentally unfair and violated his Fourteenth Amendment right to due process because the order issued before he had any opportunity to be heard.[5]

---

[3] The Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation . . . ." U.S. Const. amend. IV.  The use of a false statement to obtain a warrant violates the Fourth Amendment if: (1) the use of the false statement is knowing and intentional, or made with reckless disregard for the truth; and (2) the false statement is necessary for a finding of probable cause. Franks v. Delaware, 438 U.S. 154, 155-56 (1978); Aponte Matos v. Toledo Dávila, 135 F.3d 182, 187 (1st Cir. 1998); cf. Manuel v. City of Joliet, 137 S. Ct. 911, 918 (2017) (noting that a Fourth Amendment constitutional violation can occur "when the legal process itself goes wrong—when, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements.").

[4] "[T]he Supreme Court has recognized an abstract fundamental liberty interest in family integrity.  That interest typically arises in cases concerning parents' rights to decide the care, custody and control of their children." Connor B. ex rel. Vigurs v. Patrick, 774 F.3d 45, 58 (1st Cir. 2014) (internal quotation marks and citations omitted).

[5] "'[T]he interest of parents in their relationship with their children is sufficiently fundamental to come within the finite class of liberty interests protected by the Fourteenth Amendment." Santosky v. Kramer, 455 U.S. 745, 774 (1982).  Parents' liberty interest in the care, custody, and control of their children "is protected both by the substantive component of the Due Process Clause, which constrains governmental interference with certain fundamental rights and liberty interests, and by the procedural component of the Due Process Clause, which guarantees 'fair process.'" Suboh v. Dist.

4

**Discussion**

I.  **Preliminary Injunction Standard**

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits," of the claims in his action, "that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 576 U.S. 863, 876 (2015) (citation omitted).  Likelihood of success and irreparable harm are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).  The burden of proof is on the movant.  See Esso Std. Oil, 445 F.3d at 18.

Mr. Henderson seeks a mandatory preliminary injunction that alters, rather than preserves, the status quo.  Mandatory preliminary injunctions "should be granted only in those circumstances when the exigencies of the situation demand such relief."  Braintree Labs., Inc. v. Citigroup Global Mkts. Inc., 622 F.3d 36, 41 (1st Cir. 2010) (citation omitted).  The

---

Att'y's Off., 298 F.3d 81, 91 (1st Cir. 2002) (citation omitted).

5

exigencies of the situation, however, are still measured according to the same four-factor test. Id.

II. Likelihood of Success

Mr. Henderson's motion for expedited ruling (Doc. No. 2), expedited motion to return minor children (Doc. No. 5), and "petition for expedited enforcement of foreign child custody order"[6] (Doc. No. 6) all seek the same preliminary or permanent injunctive relief from this court: a federal court order granting him custody of his children. The court considers Mr. Henderson's likelihood of success with respect to this requested relief, as opposed to the merits of his underlying claims, which include a request for damages. See Kosilek v. Misi, No. 18-cv-11838-DLC, 2022 WL 4468372, at *4 (D. Mass. Sept. 26, 2022) ("A party who moves for a preliminary injunction 'must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" (citations omitted)); see also Pac. Radiation Oncology, LLC v.

---

[6] The petition for expedited enforcement of foreign child custody order indicates that a proceeding is pending in state court in Tennessee, but that petition does not include as an attachment any out-of-state child custody order. The contents of all of Mr. Henderson's pleadings in this case suggest a likelihood that neither the court in Tennessee, nor any other state court, has issued an order granting Mr. Henderson custody over his children.

6

Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015) ("The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" (quoting De Beers Consol. Mines v. U.S. Societe Internationale Forestiere et Miniere du Congo, 325 U.S. 212, 220 (1945))).

### A. *Rooker-Feldman* Doctrine

Pursuant to the Rooker-Feldman doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Tyler v. Sup. Jud. Ct., 914 F.3d 47, 50 (1st Cir. 2019) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)).

> The [Rooker-Feldman] doctrine prevents losing litigants "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," as only the Supreme Court has jurisdiction to review the decision of a state court in civil litigation.

Efreom v. McKee, 46 F.4th 9, 17 (1st Cir. 2022) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). The application of the doctrine turns on whether the plaintiff's federal suit is "in effect, an end-run around a final state court judgment." Klimowicz v. Deutsche Bank Nat'l

7

Tr. Co., 907 F.3d 61, 66 (1st Cir. 2018); see also Mandel v. Town of Orleans, 326 F.3d 267, 271-72 (1st Cir. 2003) (vacating a preliminary injunction order concerning child custody under the Rooker-Feldman doctrine and noting that the doctrine generally prevents a parent from attempting to invalidate a child custody order in federal district court).

Under the Rooker-Feldman doctrine, this court lacks subject matter jurisdiction to review and reverse a state court's child custody order, to the extent it is a final judgment. Where Mr. Henderson expressly seeks the reversal of a child custody order on an expedited basis from this court, such relief is precluded by the Rooker-Feldman doctrine. If the state court judgment is final with regard to custody, a finding that this court lacks jurisdiction to grant the relief Mr. Henderson seeks is warranted. Accordingly, to the extent Mr. Henderson is challenging a final state court judgment, he has failed to demonstrate that he is likely to succeed on the merits of his claims because the court lacks jurisdiction over his claims for injunctive relief asserted in this action.

### B. *Younger* Abstention Doctrine

The Younger doctrine, as described in Younger v. Harris, 401 U.S. 37 (1971), "counsels federal-court abstention when there is a pending state proceeding." Amadi v. Dep't of Child.

& Fams., 245 F. Supp. 3d 316, 320 (D. Mass. 2017) (quoting Moore v. Sims, 442 U.S. 415, 423 (1979)).

> The First Circuit has identified a three-step analysis to determine whether Younger applies.  First, the state proceeding must be a criminal prosecution, civil enforcement proceeding or a civil proceeding "uniquely in the furtherance of the state courts' ability to perform their judicial functions."  Second, the case must meet the three Middlesex[7] factors: 1) the state proceeding is ongoing, 2) it involves significant state interests and 3) it permits the plaintiff to raise his federal claims.  Finally, courts consider whether exceptions to Younger apply.  For instance, if the state proceeding is brought "in bad faith" to harass, or there is "concrete evidence" of bias, abstention is not warranted.  If a case meets all three prongs of the Younger analysis, federal courts must abstain from exercising jurisdiction even if the plaintiff asserts that important federal rights are at issue.

Amadi, 245 F. Supp. 3d at 320-21 (internal citations omitted).

Exceptions to the Younger doctrine may apply in situations of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." Bettencourt v. Bd. of Registration in Med., 904 F.2d 772, 779 (1st Cir. 1990).  "These exceptions have been very narrowly construed by the [Supreme] Court."  United Books, Inc. v. Conte, 739 F.2d 30, 34 (1st Cir. 1984) (internal citations omitted); see also C. Wright, A. Miller, Federal Practice and Procedure § 4255 (3d ed.) ("There is no case since Younger was decided in which the [Supreme]

---

[7] See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

9

Court has found that the exception for bad faith or harassment was applicable[,]" and "[l]itigants who have sought to bring themselves within the exceptions to Younger have had almost as little success in the lower courts.").

A child custody proceeding implicates important state interests and is likely to provide Mr. Henderson with a fair opportunity to raise his federal defenses. See Sirva Relocation, LLC v. Richie, 794 F.3d 185, 189 (1st Cir. 2015) (regarding prerequisites for abstention under Younger); see also Ankenbrandt v. Richards, 504 U.S. 689, 705-06 (1992) (discussing in dicta circumstances where abstention under Burford v. Sun Oil Co., 319 U.S. 315 (1943), might apply in cases related to child custody or domestic relations).  Further, at this stage of the proceeding, the record does not demonstrate that any exceptions to the application of the Younger doctrine are likely to apply.

Accordingly, if the child custody matter is ongoing, abstention is likely appropriate here, pursuant to the Younger doctrine, and Mr. Henderson's claims for injunctive relief are subject to dismissal (without prejudice).  Accordingly, to the extent that the state child custody proceedings in question here are ongoing, Mr. Henderson has failed to demonstrate that he is likely to succeed on the merits of his claims for injunctive relief before this Court.

III. Irreparable Harm

Mr. Henderson alleges that he will suffer irreparable harm if the Court does not issue the requested injunctive relief, as he will be deprived of the custody of his children.  Assuming, without deciding, that Mr. Henderson could satisfy his burden of showing irreparable harm, such a finding cannot overcome Mr. Henderson's inability to show a likelihood of success on the merits of his claims for injunctive relief.  See Maine Educ. Ass'n Benefits Tr. v. Cioppa, 695 F.3d 145, 152 (1st Cir. 2012) ("[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." (citation omitted)); see also Esso Std. Oil, 445 F.3d at 18 (declining to address the remaining preliminary injunction factors when the moving party had not shown a substantial likelihood of success).

## Conclusion

For the foregoing reasons, the district judge should deny the motion for expedited ruling (Doc. No. 2), expedited motion to return minor children (Doc. No. 5), and petition for expedited enforcement of foreign child custody order (Doc. No. 6), without prejudice to Mr. Henderson's ability to litigate the issues therein in a court with jurisdiction over such matters. Any objections to this Report and Recommendation must be filed

within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

October 28, 2022

cc: Toby J. Henderson, pro se