UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Toby J. Henderson

    v.                                  Civil No. 1:22-cv-332-JL

Maria Del Carmen Gil et al.

## REPORT AND RECOMMENDATION

Pro se plaintiff Toby J. Henderson brings suit against defendants Maria Del Carmen Gil, Amy Fortin, Sarah Blais, and Judge Janet Subers, alleging violations of his constitutional rights. (Doc. Nos. 1, 1-3, 14). Ms. Gil, also proceeding pro se, moves to dismiss on the basis that Mr. Henderson's claims against her concern an ongoing child custody matter pending in a Tennessee state court. (Doc. No. 18). Mr. Henderson objects. (Doc. No. 24[1]).

The motion to dismiss is before the court for a recommendation as to disposition. See Order, Dec. 23, 2022. As explained below, because Mr. Henderson's complaint and complaint addenda lack the requisite supporting facts to state a claim for

---

[1] Mr. Henderson's motion to continue (Doc. No. 24) appears to be a response to Ms. Gil's motion to dismiss and a request for the case to continue. Accordingly, the Clerk's Office is directed to amend the docket to identify Doc. No. 24 as an objection to Doc. No. 18.

relief against Ms. Gil, the court recommends that the district judge grant the motion to dismiss.

## **Legal Standard**

To defeat a Rule 12(b)(6) motion to dismiss, Mr. Henderson must state a claim for relief by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015). This standard "demands that a party do more than suggest in conclusory terms the existence of questions of fact about the elements of a claim." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 81 (1st Cir. 2013). In ruling on such a motion, the court accepts as true all well-pleaded facts set forth in the complaint and draws all reasonable inferences in the plaintiff's favor. See, e.g., Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010). The court may also consider judicially noticed documents, matters of public record, and documents introduced by the plaintiff in his objections to the motions to dismiss, without converting the 12(b)(6) motion into a motion for summary judgment. See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Greene v. Rhode Island, 398 F.3d 45, 49 (1st Cir. 2005).

Because Mr. Henderson is proceeding pro se, the court construes his complaint and complaint addenda liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations omitted) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). Pro se status, however, "does not insulate a party from complying with procedural and substantive law. Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts." Chiras v. Associated Credit Servs., Inc., No. 12-10871-TSH, 2012 WL 3025093, at *1 n.1 (D. Mass. July 23, 2012) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (internal citation and quotation marks omitted)).

## **Background**

The court draws the following factual background primarily from Mr. Henderson's complaint and complaint addenda, but it also considered additional information and documents submitted by Mr. Henderson.[2] In 2021, Mr. Henderson's two minor children were living with him on a farm in Stratford, New Hampshire.

---

[2] (Doc. Nos. 14, 17, 19, 21, 22, 23).

During this time, New Hampshire Child Protection Social Workers ("CPSWs"), including Ms. Fortin and potentially Ms. Blais, repeatedly visited Mr. Henderson at his home on the farm.

According to Mr. Henderson, when the CPSWs visited, he would escort them off his property and refuse to speak with them. He also would not allow the CPSWs to speak with his children. After the CPSWs' failed attempts to gain access to Mr. Henderson's home and his children, state agents searched Mr. Henderson's home, pursuant to a search warrant, and removed the children from his care and custody. Mr. Henderson maintains that the search warrant was based upon an affidavit filed with the warrant application which included false statements about him, the children's health, and their living conditions.

A hearing on the removal of the children was scheduled for the following day, in a New Hampshire state court, but the children's mother, Ms. Gil, who had obtained custody of the children after they were removed from Mr. Henderson's home, failed to appear. According to Mr. Henderson, at that hearing, he would have been able to disprove the false allegations against him which were asserted in the search warrant affidavit and related pleadings in the case.

Ms. Gil subsequently left New Hampshire with the children. Mr. Henderson asserts that court proceedings relevant to the

4

custody of his children took place in Tennessee. While Mr. Henderson appeared at those proceedings via videoconference, through counsel, he was unable to obtain custody of his children. Mr. Henderson further asserts that a Tennessee court has issued a restraining order against him which has interfered with his ability to have any contact with his children. The court documents submitted by Ms. Gil indicate that the child custody matter is still pending in Tennessee and that Ms. Gil continues to have sole and exclusive custody of the children.

## Discussion

Liberally construed, Mr. Henderson's complaint and addenda assert claims against Ms. Gil under 42 U.S.C. § 1983, as well as a supplemental state law claim under New Hampshire common law. In her motion to dismiss, Ms. Gil appears to argue that Mr. Henderson's claims against her should be dismissed because they concern a child custody proceeding currently pending in a Tennessee state court. In response, Mr. Henderson contends that his claims against Ms. Gil should be before this court because he never had an opportunity to be heard in a New Hampshire state court and because Ms. Gil defrauded a New Hampshire state court.

5

## I. Section 1983

Section 1983 provides a cause of action against certain individuals who, while acting under color of state law, violate the federal constitutional rights of another. See Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008). Thus, an essential element of a Section 1983 claim is that the defendant acts under the color of state law. See id. With certain exceptions not applicable here, private actors generally cannot be held liable for violations of an individual's federal constitutional rights, and Section 1983 does not provide a cause of action for purely private conduct that allegedly impacts a plaintiff's federal constitutional rights. See Georgia v. McCollum, 505 U.S. 42, 53 (1992) (citing Polk Cty. v. Dodson, 454 U.S. 312 (1981)).

The complaint and complaint addenda contain no factual allegations to suggest that Ms. Gil acted under the color of state law. Mr. Henderson does not claim that Ms. Gil is employed by the state or engaged in state action. Similarly, Mr. Henderson never asserts that Ms. Gil colluded with state actors to violate Mr. Henderson's federal constitutional rights. Because the allegations in his complaint fail to demonstrate that Ms. Gil acted under color of state law, she is not subject to liability under Section 1983. Accordingly, the district judge should dismiss that claim as to Ms. Gil.

6

## II. New Hampshire Common Law Fraud

"Under New Hampshire law, to state a fraud claim, a plaintiff must allege facts that show 'the defendant made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely upon it.'" Langlois v. Insys Therapeutics, Inc., No. 19-cv-192-JD, 2019 WL 2140589, at *4 (D.N.H. May 15, 2019) (quoting Snierson v. Scruton, 145 N.H. 73, 77 (2000)). "In order to withstand a motion to dismiss, the plaintiff must specify the essential details of the fraud, and specifically allege the facts of the defendant's fraudulent actions." Jay Edwards, Inc. v. Baker, 130 N.H. 41, 46–47 (1987) (quotation and brackets omitted); see also Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

Mr. Henderson alleges in general terms that Ms. Gil committed fraud on a New Hampshire state court. His complaint and complaint addenda, however, contain no allegations of any specific misrepresentation by Ms. Gil or that Mr. Henderson relied on any such misrepresentation to his detriment.[3] In the

---

[3] While Mr. Henderson submitted exhibits purporting to show Ms. Gil's fraud (Doc. No. 22), the court cannot discern fraudulent statements by Ms. Gil that Mr. Henderson relied on to his detriment.

7

absence of specific and detailed allegations concerning Ms. Gil's alleged fraudulent conduct, Mr. Henderson fails to state a claim of fraud under New Hampshire common law and fails to satisfy the heightened pleading standard applicable to a fraud claim. Fed. R. Civ. P. 9(b). Accordingly, the court should dismiss Mr. Henderson's remaining claim against Ms. Gil for failure to state a claim.

## Conclusion

For the foregoing reasons, the district judge should: approve this Report and Recommendation; and grant the motion to dismiss (Doc. No. 18). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 22, 2023

cc:  Toby J. Henderson, pro se
     Maria Del Carmen Gil, pro se
     Counsel of record