**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Toby J. Henderson

     v.                      Civil No. 1:22-cv-332-JL

Maria Del Carmen Gil et al.


**REPORT AND RECOMMENDATION**


Pro se plaintiff Toby J. Henderson brings suit against defendants Maria Del Carmen Gil, Amy Fortin, Sarah Blais, and Judge Janet Subers, alleging violations of his constitutional rights.  (Doc. Nos. 1, 1-3, 14).  Ms. Fortin, Ms. Blais, and Judge Subers (collectively "State Defendants") move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (Doc. No. 27).  Mr. Henderson objects.  (Doc. No. 28).

The motion to dismiss is before the court for a recommendation as to disposition.  See Order, Dec. 23, 2022.  As explained below, because Mr. Henderson's complaint and complaint addenda lack the requisite supporting facts to state a claim for relief, the court recommends that the district judge grant the motion to dismiss.  Further, dismissal should be with prejudice as to Judge Subers because amendment would be futile given her judicial immunity.  Mr. Henderson, however, should be permitted

to file an amended complaint as to Ms. Fortin and potentially as
to Ms. Blais.

## Legal Standard

To defeat a Rule 12(b)(6) motion to dismiss, Mr. Henderson
must state a claim for relief by pleading "factual content that
allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." Martinez v.
Petrenko, 792 F.3d 173, 179 (1st Cir. 2015).  This standard
"demands that a party do more than suggest in conclusory terms
the existence of questions of fact about the elements of a
claim." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 81
(1st Cir. 2013).  In ruling on such a motion, the court accepts
as true all well-pleaded facts set forth in the complaint and
draws all reasonable inferences in the plaintiff's favor. See,
e.g., Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir.
2010).  The court may also consider judicially noticed
documents, matters of public record, and documents introduced by
the plaintiff in his objections to the motions to dismiss,
without converting the 12(b)(6) motion into a motion for summary
judgment.  See Breiding v. Eversource Energy, 939 F.3d 47, 49
(1st Cir. 2019); Greene v. Rhode Island, 398 F.3d 45, 49 (1st
Cir. 2005).

Because Mr. Henderson is proceeding pro se, the court construes his complaint and complaint addenda liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations omitted) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").  Pro se status, however, "does not insulate a party from complying with procedural and substantive law. Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts." Chiras v. Associated Credit Servs., Inc., No. 12-10871-TSH, 2012 WL 3025093, at *1 n.1 (D. Mass. July 23, 2012) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (internal citation and quotation marks omitted)).

## **Background**

The court draws the following factual background primarily from Mr. Henderson's complaint and complaint addenda, but it also considered additional information and documents submitted by Mr. Henderson.[1]  In 2021, Mr. Henderson's two minor children were living with him on a farm in Stratford, New Hampshire.

---

[1] (Doc. Nos. 14, 17, 19, 21, 22, 23).

During this time, New Hampshire Child Protection Social Workers ("CPSWs"), including Ms. Fortin and potentially Ms. Blais,[2] repeatedly visited Mr. Henderson at his home on the farm.

According to Mr. Henderson, when the CPSWs visited, he would escort them off of his property and refuse to speak with them. He also would not allow the CPSWs to speak with his children. After the CPSWs' failed attempts to gain access to Mr. Henderson's home and his children, state agents searched Mr. Henderson's home, pursuant to a search warrant, and removed the children from his care and custody. Mr. Henderson maintains that the search warrant was based upon an affidavit filed with the warrant application, which included false statements about him, the children's health, and their living conditions.[3]

A hearing on the removal of the children was scheduled for the following day, in a New Hampshire state court, but the children's mother, Ms. Gil, who had obtained custody of the

---

[2] It appears that Ms. Blais's involvement in this case is due to a typo in the affidavit that errantly references her as attesting to the affidavit under oath. If, however, Mr. Henderson has sufficient grounds to believe that Ms. Blais was involved with false statements contained in the affidavit, Mr. Henderson should not be precluded from asserting claims against her in an amended complaint.

[3] Mr. Henderson later filed a copy of an affidavit (Doc. No. 21 at 4-5), which appears to be signed by Ms. Fortin.

children after they were removed from Mr. Henderson's home,
failed to appear.  According to Mr. Henderson, he would have
been able to disprove the allegations against him at this
hearing, which underlay the search warrant and related pleadings
in the case.

Ms. Gil subsequently left New Hampshire with the children.
Mr. Henderson asserts that court proceedings relevant to the
custody of his children took place in Tennessee.  While Mr.
Henderson appeared at those proceedings via videoconference,
through counsel, he was unable to obtain custody of his
children.  Mr. Henderson further asserts that a Tennessee court
has issued a restraining order against him which has interfered
with his ability to have any contact with his children.

## Discussion

### I.  State Defendants' Motion to Dismiss

In support of their motion to dismiss, the State Defendants
argue that: (1) stripped of conclusory allegations, Mr.
Henderson's complaint fails to state a claim as to Ms. Fortin
and Ms. Blais; (2) Mr. Henderson's claims as to the State
Defendants in their official capacity are barred by the Eleventh
Amendment; (3) Mr. Henderson's claims are barred by the Rooker-
Feldman doctrine; and (4) Judge Subers is entitled to judicial

immunity.  In response, Mr. Henderson appears to argue that Ms. Fortin violated his constitutional rights by committing perjury and that his constitutional rights were violated because he never had an opportunity to be heard in a New Hampshire state court.

A. Claims Against Ms. Fortin and Ms. Blais

1. Section 1983

Liberally construed, Mr. Henderson's complaint and addenda appear to assert claims against Ms. Fortin and Ms. Blais under 42 U.S.C. § 1983.  Section 1983 provides a cause of action against certain individuals who, while acting under color of state law, violate the federal constitutional rights of another. See Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008).

a. State Actors

When the alleged constitutional violation is committed by state "government actors, that is government officials or employees," the 42 U.S.C. § 1983 "under color of state law" requirement is satisfied.  See Cruz-Arce v. Mgmt. Admin. Servs. Corp., 19 F. 4th 538, 543 (1st Cir. 2021).  Mr. Henderson's complaint and addenda adequately identify Ms. Fortin as a CPSW. Further, State Defendants acknowledge that both Ms. Fortin and Ms. Blais are employed as CPSWs at the New Hampshire Department of Health and Human Services, Division for Children, Youth and

Families.  Thus, the state-actor element of a Section 1983 claim
is satisfied.

### b. Federal Constitutional Rights

The essence of Mr. Henderson's Section 1983 claim appears
to be that the warrant authorizing the search of his house and
the removal of his children was improperly issued as it was
based on false statements contained in the warrant affidavit in
violation of his Fourth Amendment rights.  The Fourth Amendment
provides that "no warrants shall issue, but upon probable cause,
supported by oath or affirmation . . ."  U.S. Const. amend. IV.
The use of a false statement to obtain a warrant violates the
Fourth Amendment if: (1) the use of the false statement is
either knowing and intentional, or is done with reckless
disregard for the truth; and (2) the false statement is
necessary for a finding of probable cause.  Franks v.
Delaware, 438 U.S. 154, 155-56 (1978); Aponte Matos v. Toledo
Davila, 135 F.3d 182, 187 (1st Cir. 1998); see also Manuel v.
City of Joliet, Ill., 580 U.S. 357, 367, 137 S. Ct. 911, 918
(2017) (noting that a Fourth Amendment constitutional violation
can occur "when the legal process itself goes wrong—when, for
example, a judge's probable-cause determination is predicated
solely on a police officer's false statements.").

Reckless disregard for the truth can occur if the affiant acts "with a high degree of awareness of the probable falsity of statements" made in support of a warrant. Burke v. Town of Walpole, 405 F.3d 66, 81 (1st Cir. 2005) (cleaned up). "It is not enough to allege negligence or innocent mistake." Aponte Matos, 135 F.3d at 187(citing Franks, 438 U.S. at 171-72). Further, a false statement is not material to the issuance of the warrant "if, after eliminating it, the corrected affidavit would still have supported a finding of probable cause." Banks v. Town of Plainville, 506 F. Supp. 3d 122, 129 (D. Mass. 2020).

While it seems likely that Ms. Fortin is the affiant who purportedly made false statements, Mr. Henderson does not expressly identify what statements contained in the affidavit are false, and he never alleges facts to support an inference that Ms. Fortin made any false statements knowingly or with a high degree of awareness that the statements were false. See Burke, 405 F.3d at 81. Moreover, Mr. Henderson fails to explain why any false statements were necessary to a finding of probable cause to search his home and remove the children from his care and custody. See Banks, 506 F. Supp. 3d at 129. In light of these deficiencies, Mr. Henderson has failed to state a claim for relief under Section 1983, and therefore, State Defendants'

motion to dismiss should be granted as to Ms. Fortin and Ms.
Blais.

### 2. Eleventh Amendment Immunity

The State Defendants argue that Ms. Fortin and Ms. Blais
are entitled to immunity under the Eleventh Amendment because
Mr. Henderson filed claims against them in their official
capacities.  "[A] suit against a state official in his or
her official capacity is not a suit against the official but
rather is a suit against the official's office." Will v. Mich.
Dep't of State Police, 491 U.S. 58, 71 (1989).  "[N]either
a State nor its official acting in their official capacities are
'persons' under § 1983." Id.

To the extent Mr. Henderson filed suit against Ms. Fortin
and Ms. Blais in their official capacities, Mr. Henderson's
claims against them are barred by the Eleventh Amendment.
Eleventh Amendment immunity, however, does not bar claims for
money damages against state actors, such as Ms. Fortin and Ms.
Blais, in their individual capacities.  See Redondo-Borges v.
U.S. Dep't of Hous. & Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005).
Accordingly, Mr. Henderson's claims as to Ms. Fortin and Ms.
Blais in their individual capacities are not subject to Eleventh
Amendment immunity at this juncture.

3. *Rooker-Feldman* Doctrine[4]

The State Defendants also argue that this court lacks jurisdiction over Mr. Henderson's claims because he seeks to challenge a final New Hampshire state court order. Pursuant to the Rooker-Feldman doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Tyler v. Sup. Jud. Ct., 914 F.3d 47, 50 (1st Cir. 2019) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)).

> The [Rooker-Feldman] doctrine prevents losing litigants "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," as only the Supreme Court has jurisdiction to review the decision of a state court in civil litigation.

Efreom v. McKee, 46 F.4th 9, 17 (1st Cir. 2022) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). The application of the doctrine turns on whether the plaintiff's federal suit is "in effect, an end-run around a final state court judgment." Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 66 (1st Cir. 2018). If, however, "a federal plaintiff presents an independent claim, even one that denies a state court's legal conclusion in a case to which the plaintiff was a party, there is jurisdiction . . .." Exxon

---

[4] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923) and D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983).

Mobil Corp., 544 U.S. 280, 282 (2005); see also Miller v.
Nichols, 592 F. Supp. 2d 191, 196 (D. Me. 2009) (recognizing an
exception to the Rooker-Feldman doctrine where plaintiff's
claims for money damages under Section 1983 and the ADA against
state actors constituted an independent claim).

     At this juncture, it is not apparent that Mr. Henderson's
potential Section 1983 claim for damages against the CPSWs is
solely an end-run around a final state court judgment.  Rather,
the claim concerns alleged false statements in a warrant
affidavit that purportedly led to violations of Mr. Henderson's
Fourth Amendment rights.  These allegations have not been
litigated or adjudicated in state court, and therefore, it would
not require direct review or rejection of a final state court
order.  Accordingly, based on the current record, the court is
not persuaded that Rooker-Feldman bars Mr. Henderson's potential
Section 1983 claim against Ms. Fortin and Ms. Blais.

     As to Mr. Henderson's requests for relief that seek to
alter or vacate a final state court order, such as orders
concerning child custody, the court agrees that under the
Rooker-Feldman doctrine, this court lacks subject matter
jurisdiction to adjudicate those claims.[5]  See Mandel v. Town of

_____

     [5] The court discussed the Rooker-Feldman issue in a prior
order (Doc. Nos. 8, 13), which denied Mr. Henderson's requests

Orleans, 326 F.3d 267, 271-72 (1st Cir. 2003) (vacating a
preliminary injunction order concerning child custody under the
Rooker-Feldman doctrine and noting that the doctrine generally
prevents a parent from attempting to invalidate a child custody
order in federal district court).

Accordingly, while amendment as to claims for relief
concerning the child custody order would be futile, amendment of
the Section 1983 claim for damages might not be futile.  Thus,
the court recommends that the district judge dismiss Mr.
Henderson's claims against Ms. Fortin and Ms. Blais without
prejudice to his ability to file an amended complaint as to
those individuals.

B. Claims Against Judge Subers

"[W]hen a judge carries out traditional adjudicatory
functions, he or she has absolute immunity for those actions."
Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019); see also
Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judicial immunity is

---

for preliminary injunctive relief concerning child custody.
Although the court's order was limited to finding that Mr.
Henderson was not likely to succeed on the merits of his claims
because it lacked subject matter jurisdiction to award his
requested relief, the court now expressly finds that Mr.
Henderson cannot state a claim for relief that seeks to alter a
child custody order of a state court if a final judgment has
entered in the child custody case.

overcome only for "actions not taken in the judge's judicial capacity" and "for actions, though judicial in nature, taken in the complete absence of all jurisdiction") (per curiam). Judicial immunity from claims for money damages applies even when a judge's "actions are malicious, corrupt, mistaken, or taken in bad faith." Zenon, 924 F.3d at 616. Further, "the Supreme Court has recognized that judicial immunity applies in the context of suits . . . that are brought under § 1983." Id. (citing Pierson v. Ray, 386 U.S. 547, 554-55 (1967)).

In ruling on child custody matters or approving the issuance of a warrant in connection with a child custody matter, Judge Subers, as a New Hampshire Circuit Court judge, is performing judicial functions in her judicial capacity and acting well within her court's jurisdiction.[6] Such conduct squarely entitles Judge Subers to absolute immunity from liability for a Section 1983 damages claim. Accordingly, the district judge should dismiss Judge Subers from this action. Further, where Mr. Henderson cannot cure the issue of judicial immunity, amendment would be futile, and Mr. Henderson should

---

[6] See N.H. Rev. Stat. Ann. § 490-D:2 (providing that the family division of the judicial branch has exclusive jurisdiction over petitions for custody of children and actions for support or custody for children of unwed parties).

not be permitted to file an amended complaint as to Judge
Subers.

## II.   Amendment of the Complaint

The court recommends that the district judge order Mr.
Henderson to amend his complaint as to Ms. Fortin, and
potentially as to Ms. Blais, within 60 days of the district
judge's order.  The amended complaint shall state with
specificity all facts supporting Mr. Henderson's claims as to
those state actors including: any false statements contained in
a search warrant affidavit; the defendant(s) who made such false
statements; how, if at all, the defendant(s) knew the statements
were false; and how, if at all, the statements were material to
the issuance of the warrant.  Mr. Henderson can attach relevant
documents to support his claims, such as a copy of the
applicable warrant, but the allegations in the amended complaint
should provide a complete recitation of the facts supporting his
claims.  See L.R. 15.1 ("Any amendment to a pleading, whether
filed as a matter of course or upon a motion to amend, shall
reproduce the entire filing as amended and may not incorporate any
prior filing by reference, except by leave of court.").  The
applicable standards that Mr. Henderson's amended claims must
meet are set forth in this Report and Recommendation.

14

**Conclusion**

For the foregoing reasons, the district judge should: approve this Report and Recommendation; grant the motion to dismiss (Doc. No. 27); and order Mr. Henderson to file an amended complaint as to Ms. Fortin, and potentially as to Ms. Blais, within 60 days of its order approving this Report and Recommendation.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 22, 2023

cc:  Toby J. Henderson, pro se
     Maria Del Carmen Gil, pro se
     Counsel of record

15